

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-1-2009

# Daniel Drozdowski v. Northland Lincoln Me

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1510

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Daniel Drozdowski v. Northland Lincoln Me" (2009). *2009 Decisions.* Paper 1604.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1604

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1510
_____

DANIEL M. DROZDOWSKI,

Appellant,

v.

NORTHLAND LINCOLN MERCURY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cv-756)
Magistrate Judge:  Honorable Amy Reynolds Hay

_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2009

Before:  RENDELL, AMBRO and JORDAN, *Circuit Judges*.

(Filed:  April 1, 2009)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Daniel Drozdowski sued Northland Lincoln Mercury ("NLM") for discriminating

and retaliating against him in violation of the Americans with Disabilities Act ("ADA"),

42 U.S.C. § 2000e *et seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43

Pa.C.S.A §951 *et seq*., after the car dealership laid him off.  Following trial before a Magistrate Judge[1], the jury returned a verdict for NLM.  Now, Drozdowski appeals the verdict and seeks review of the denial of his motion for a new trial.  On appeal, he argues that the District Court responded to a jury question with an instruction that rendered the verdict "inconsistent with substantial justice."  (Appellant's Opening Brief at 9.)  Because the instruction was proper, we will affirm the verdict and the order denying the motion for a new trial.

## I.     Background

Prior to working for NLM, Drozdowski was a technician at Northland Ford, Inc., a car dealership and service center.  While in Northland Ford's employ, he had a history of absences and tardiness.  He met with his supervisor, Loren Moshholder, and requested time off "to get his act together."[2]  (App. at 196.)  He was treated by a counselor and was diagnosed as having major depressive condition with anxiety.  After returning to work, Drozdowski failed to report to his supervisor either the diagnosis or that he was continuing to seek treatment.  Also, he never attributed his tardiness or absenteeism to a

---

[1]The parties consented to trial before the Magistrate Judge.

[2]There is conflicting testimony as to whether Drozdowski requested time off with the generalized comment quoted here or whether he specifically said he needed the time to obtain professional counseling and treatment for a psychological problem.  Drozdowski testified that he indicated to Moshholder that he needed time off to receive treatment. (App. at 196.)  Moshholder testified, however, that Drozdowski requested time off "to get his act together" and never mentioned that he had a psychological problem or that he needed the time off to seek mental health counseling.  (App. at 485-87.)

2

mental health condition. Drozdowski continued to report to work late and was given a final warning. A few months later, he was fired for his unauthorized absences and tardiness.

Drozdowski was subsequently hired as a technician at Premier Lincoln Mercury, where his tardiness and absence problems continued. That dealership never disciplined or threatened to discharge him, but, less than a year after Drozdowski began working there, Premier Lincoln Mercury was acquired by Cameron Jones, the same man who owned Northland Ford. The new owner gave the dealership the Northland name, and, two months later, discharged Drozdowski, citing reduction in expenses as the reason. Drozdowski then filed the present suit against NLM.

During its deliberations, the jury sent out a note asking, "[D]oes ADA require the employer to go to the employee and ask for medical support and/or what accommodations are needed or does the employee have a duty to present support and a request specifically stating the problem and what is needed?" (App. at 574.) The Court took argument from counsel before crafting a response, which was, "Under the ADA or the Americans with Disabilities Act, an employee must request an accommodation from the employer." (App. at 604, 620.) Shortly thereafter, the jury returned a verdict for NLM.

## II.   Jurisdiction and Standards of Review

The District Court had subject matter jurisdiction over the ADA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

When we review a challenged jury instruction, the basis of the challenge determines the appropriate standard of review. *United States v. Zehrbach*, 47 F.3d 1252, 1260 (3d Cir. 1995). If the appellant challenges the court's statement of the legal standard, we exercise plenary review. *Id*. (citations omitted). If the challenge is that a jury instruction is potentially confusing, we review the trial court's expression for abuse of discretion. *Id.* at 1264 (citations omitted). In so doing, "[w]e must consider 'whether, viewed in light of the evidence, the charge as a whole fairly and adequately submits the issues in the case to the jury.'" *Id.* (quoting *Bennis v. Gable*, 823 F.2d 723, 727 (3d Cir. 1987)).

We review the denial of a motion for a new trial for abuse of discretion, unless the denial is based on the application of a legal precept, in which case our review is plenary. *Curley v. Klem*, 499 F.3d 199, 206 (3d Cir. 2007) (citation omitted).

## III.   Discussion

A plaintiff can establish a discrimination case under the ADA by proving that his employer either took adverse action against him because of his disability or failed to make reasonable accommodations for his known disabilities. *Taylor v. Phoenixville Sch. Dist.*,

184 F.3d 296, 306 (3d Cir. 1999). To prove an adverse-action claim, a plaintiff must show that he is disabled within the meaning of the ADA, that he was qualified to perform the essentials of his job, with or without an accommodation, and that he suffered an adverse employment action because of his disability. *Id..*; *Gaul v. Lucent Tech., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998).

To prove a reasonable-accommodation claim, a plaintiff must show that his employer failed to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the [employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42 U.S.C. § 12112(b)(5)(A); *Taylor*, 184 F.3d at 306. The plaintiff must demonstrate that the employer knew of his disability and desire for an accommodation for that disability. *Taylor,* 184 F.3d at 313.

Drozdowski is adamant that he brought an ADA adverse-action claim against NLM, not a reasonable-accommodation claim. Nevertheless, during closing argument, his counsel repeatedly asserted that Drozdowski had asked his employer for an accommodation, particularly for time off to seek treatment for his disability, and that his employer had denied his request. During closing arguments, for example, Drozdowski's counsel made the following assertion: "Mr. Drozdowski tells you in his testimony ... [t]hat he has a significant disease and illness. That he disclosed it to Mr. Jones and Mr.

5

Moshholder in February of '01. He says he's got to go for treatment. Asks for thirty days. Doesn't get it." (App. at 539.) Several similar assertions were made during the course of the argument. (App. at 530-32, 537, 539.) In so arguing, of course, counsel was treating Northland Ford and NLM as if they were and always had been one and the same business. Whatever the motivation for taking that tack, it produced the jury's predictable curiosity about accommodations and the quoted question, which, again, was "[D]oes ADA require the employer to go to the employee and ask for medical support and/or what accommodations are needed or does the employee have a duty to present support and a request specifically stating the problem and what is needed?" App. at 574.)

The Court conferred at length with counsel concerning how to respond. Drosdowski's counsel argued vigorously that the Judge should simply instruct the jury to review the jury instructions and verdict form. The Court, however, reasoned that the jury had asked a legitimate question about the law and provided a concise answer: "Under the ADA or the Americans with Disabilities Act, an employee must request an accommodation from the employer." (App. at 604, 620.)

Now, Drozdowski argues that the response to the jury's question was a substantial error because it led the jury to believe that a plaintiff must request an accommodation to succeed in an ADA adverse-action claim, when that requirement only applies to reasonable-accommodation claims. It is unclear from Drozdowski's brief whether he contends that the response to the jury's question was a misstatement of the law or whether

6

he challenges the response on the grounds that it confused the jury. His argument, however, is unpersuasive either way.

As a matter of law, the Court's response was correct: when accommodations are at issue in an ADA claim, the burden is on the employee or a representative to inform the employer of both the disability and desire for an accommodation. *Taylor*, 184 F.3d at 213 ("What matters under the ADA are not formalisms about the manner of the request, but whether the employee or a representative for the employee provides the employer with enough information that, under the circumstances, the employer can be fairly said to know of both the disability and desire for an accommodation."). Although the response to the jury could have been more precise, it did, when viewed in context, fairly and adequately answer the question.

As to potential jury confusion, there is real irony in the allegation. While Drozdowski is correct that a plaintiff does not need to request an accommodation to succeed on an ADA adverse-action claim, his argument takes the Court's response out of the context in which it was given, a context his counsel helped create. The jury asked whether the employee of the employer is responsible for asking about an accommodation. It was a legitimate question raised by the questions and arguments raised on Drozdowski's behalf. The Court's answer was not a general statement of the law, like most jury instructions; it was a direct response to a specific question. Moreover, Drozdowski's counsel could have but did not make any constructive suggestions for

7

clarifying or limiting the answer.[3] He merely insisted that no answer be given except a direction to re-read the instructions. Having had a leading role in raising the issue and having provided no productive suggestion of how to deal with it, we are unpersuaded by Drozdowski's attempt to take the District Court's answer out of context and claim it led to a denial of substantial justice.

Finally, in denying Drozdowski's motion for a new trial, the Court noted the hand that Drozdowski had in bringing up the issue of accommodations. It then reasoned that, in light of how the issue arose, the response to the jury's question was appropriate and there was no basis for granting a new trial. We agree and conclude that there was no abuse of discretion in denying the motion for a new trial.

## IV. Conclusion

For the foregoing reasons, we will affirm the verdict and the order denying the motion for a new trial.

---

[3] After the Judge announced her proposed response, Drozdowski's counsel requested that she add the following language: "you also have in your possession the charge and please remember this case is against Northland Lincoln Mercury, not against Northland Ford." (App. at 608.) This proposed addition did not address the jury's legal question and was not included.